# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF MATTHEW PEIRCE, BAR NO. 6449

No. 79833

FILED

DEC 06 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Matthew Peirce. Under the agreement, Peirce admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), and RPC 8.4(c) (misconduct). He agreed to a three-year suspension and the payment of costs.

Peirce admitted to the facts and violations as part of his guilty plea agreement. Thus, the record establishes that Peirce violated the above-listed rules by failing to diligently handle one client's probate case, failing to communicate with the client, and misappropriating $78,800.11 of the client's funds. The issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the

appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Peirce admitted to knowingly engaging in conduct that violated duties owed to his client, who was harmed by the delay in the handling of her case and the delay in the disbursement of her funds. The baseline sanction before considering aggravating or mitigating factors is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.11 (Am. Bar Ass'n 2018) ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."). The record supports the panel's finding of three aggravating factors (prior disciplinary offenses, dishonest or selfish motive, and substantial experience in the practice of law) and five mitigating factors (timely good faith effort to make restitution or rectify consequences of misconduct, full and free disclosure to disciplinary authority or cooperative attitude toward proceedings, character or reputation, remorse, and remoteness of prior offenses). Considering all four factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend attorney Matthew Peirce from the practice of law for three years from the date of this order. Peirce may submit a petition for reinstatement 30 days before the end of his suspension.

Peirce shall pay the costs of the disciplinary proceedings, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                              Hardesty

_____, J.          _____, J.
Parraguirre                                          Stiglich

_____, J.          _____, J.
Cadish                                                   Silver

cc:    Chair, Southern Nevada Disciplinary Board
       William B. Terry, Chartered
       Bar Counsel, State Bar of Nevada
       Executive Director, State Bar of Nevada
       Admissions Office, U.S. Supreme Court